## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|                                   |     |                                      |
|-----------------------------------|-----|--------------------------------------|
|                                   |  *  |                                      |
| **KEVIN BARNETT,**                |  *  |                                      |
|                                   |  *  |                                      |
| Petitioner                        |  *  |                                      |
|                                   |  *  | Civil Action No. RWT 07-1178         |
|                                   |  *  | Criminal Action No. RWT 04-577       |
|                                   |  *  |                                      |
| **UNITED STATES OF AMERICA**,     |  *  |                                      |
|                                   |  *  |                                      |
| Respondent                        |  *  |                                      |
|                                   |  *  |                                      |

### MEMORANDUM OPINION

Pending before the Court is Petitioner Kevin Barnett's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.  [Paper No. 30].  The Court will grant in part and deny in part the motion and correct Barnett's sentence on grounds different than those raised by Barnett.

### I.

Petitioner Kevin Barnett was charged in a two-count indictment with two counts of possession with intent to distribute a controlled substance (PCP).[1]  He was arraigned on January 27, 2005.  Count One carried a maximum sentence of not more than five years imprisonment followed by not more than three years of supervised release.  Count Two carried a sentence of between five

---

[1] 21 U.S.C. § 841.  The parties stipulated to the following facts in the plea agreement signed by Barnett.  On December 6, 2004, Barnett's car was stopped due to his suspended license, and during the search incident to Barnett's arrest, law enforcement officers discovered a vial containing 4.3 grams of PCP (net weight) from the center console of the car.  Later that day, pursuant to a federal search warrant executed at Barnett's home, law enforcement officers obtained the written consent of Barnett's fiancee to search the van used by Barnett.  Officers discovered several bottles containing a total net weight of 103.1 grams of PCP.  The amount and packaging of the PCP indicated that Barnett did not intend to ingest the drugs himself, but rather to distribute them.

1

and forty years followed by at least four years of supervised release.

Barnettt entered into a plea agreement on both counts with the Government on March 13, 2005. The plea agreement correctly described the maximum statutory penalties for Count One, but did not include the maximum statutory penalties for Count Two. Plea Agreement ¶ 3. As part of the plea agreement, Barnett agreed to waive all rights to appeal whatever sentence of imprisonment and supervised release was imposed as long as the Court adopted a sentence within or below the advisory United States Sentencing Guidelines range resulting from a base offense level of 23. *Id.* ¶ 7. On August 11, 2006, McCain entered a guilty plea, pursuant to his written plea agreement, to the first and third counts. During the plea colloquy, Barnett was informed of the statutory maximum term of imprisonment and supervised for Count One only. Rearraignment Tr. 8, 32-33.

On June 27, 2006, the Court sentenced Barnett to 60 months imprisonment on Counts One and Two to be served concurrently. The Court also imposed a term of supervised release (with enumerated conditions) of four years per count to be served concurrently. The Court also imposed a $200.00 special assessment. Barnett's sentence fell within the advisory Guidelines range; therefore, pursuant to the plea agreement, Barnett waived his appeal rights. Plea ¶ 18.

Barnett timely filed his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on May 7, 2007. In it, McCain alleges that (1) his trial counsel rendered ineffective assistance; (2) it was a "fraud upon the Court" for the Government to prosecute him under 21 U.S.C. § 841; (3) that the United States Sentencing Guidelines are unconstitutional; and (4) the Court lacked jurisdiction to impose a consecutive sentence.

# II.

**A.     Ineffective Assistance of Counsel**

Barnett contends that his Sixth Amendment right to effective assistance of counsel was violated because his counsel "negotiated [his] guarantee constitution rights within a plea agreement contract, failed to challenge the grand jury process, failed to challenge the indictment, failed to challenge the sentencing guidelines . . . deprive the petitioner of his due process right," Mot. at 5., and "failed to consult with [him] concerning a direct appeal" or file a direct appeal within the ten-day period." Mot. at 7. Barnett's claims lack merit because he has failed to demonstrate the requisite deficiency – much less prejudice.

In *Strickland v. Washington,* 466 U.S. 668 (1984), the United States Supreme Court set forth a two-part test to evaluate claims of ineffective assistance of counsel. Under this test, the petitioner must show that (1) counsel's performance was deficient, i.e., that counsel made errors that were so serious that the counsel was not acting as the "counsel" guaranteed by the Sixth Amendment; and (2) that the errors made by counsel prejudiced at the defense. *Id.* at 687. In order to prove ineffective assistance of counsel, McCain must show that his attorney's representation "fell below an objective standard of reasonableness" and must identify specific acts or omissions. *Id.* at 687-88, 690. The defendant must overcome the Court's strong presumption that the attorney's conduct feel within the "wide range of reasonable professional assistance." *Id.* at 689.

Barnett's bare allegations that his counsel failed to raise challenges to the grand jury process, the indictment, and sentencing guidelines do not explain how his counsel was deficient for failing to do so. *Id.* at 687-88; *see also Jones v. Barnes,* 463 U.S. 745, 753 (1983) (holding that counsel's failure to pursue every non-frivolous issue on appeal did not constitute ineffective assistance of

counsel).  Moreover, Barnett does not allege how he was prejudiced by this deficiency or that there was a reasonable probability that the outcome would have been different.  *Id.* at 687.

Though Barnett contends that he "never voluntarily waived his statutory right to file an appeal," that is directly contradicted by both the plea agreement and the plea colloquy.  Plea ¶ 18; Rearraignment Tr. 12, 20-21.  Barnett's counsel's failure to consult with him about his appeal rights after sentencing was not unreasonable given Barnett's waiver of those rights in the plea agreement and in the plea colloquy.  *See Roe v. Flores-Ortega,* 528 U.S. 470, 479 (2000) (holding that counsel does not have a constitutional duty to consult with defendant about appeal rights when the defendant pleads guilty, waives his appeal rights, and the sentence imposed is the one contemplated under the plea agreement).

Therefore, Barnett's ineffective assistance of counsel claims fail.

**B.      Prosecution Under 21 U.S.C. § 841**

Barnett also contends that it was a "fraud upon the Court" for the Government to prosecute him under 21 U.S.C. § 841 for possession with intent to distribute drugs because it would require the jury to become "mind readers" to determine his "mental intent."  This contention also lacks merit.

To convict Barnett under 21 U.S.C. § 841, the Government was required to prove beyond a reasonable doubt that Barnett knowingly or intentionally possessed PCP with the intent to distribute it.  21 U.S.C. § 841.  This may be proven through direct evidence or by circumstantial evidence that permits the jury to infer the requisite intent to distribute from the defendant's conduct.  *United States v. Bell*, 954 F.2d 232, 235 (4th Cir. 1992).  Here, the large amount of PCP recovered and the packaging in several bottles of smaller amounts supported an inference that Barnett's stash

4

of a net total of 107.4 grams of PCP was intended for distribution and not personal use.  Finally,

Barnett stipulated, as part of his plea agreement, that he intended to distribute that amount of PCP.

Plea, Ex. A.

**C.      United States Sentencing Guidelines**

Barnett's contention that the United States Sentencing Guidelines are unconstitutional was

directly considered and rejected by the United States Supreme Court in *Mistretta v. United States,*

488 U.S. 361 (1989).

**D.      The Sentence Imposed**

Barnett also contends that he "was exposed to a Criminal Procedure Rules No. 11 violation

because the Court lacks jurisdiction to had impose a consecutive sentence [sic]."  Mot. at 5.

As a threshold matter, Barnett's contention lacks merit because the Court did not impose a

consecutive sentence; rather, the Court imposed concurrent sentences of imprisonment and

supervised release for Counts One and Two.  Sentencing Tr. 14-15.

The Government's review of the record indicated that there is an additional ground (which

was not raised by Barnett) upon which to challenge the sentence imposed in this case.  The

maximum sentence for Count One was not more than five years imprisonment and not more than

three years of supervised release.  21 U.S.C. § 841(b)(1)(D) (possession with intent to distribute

PCP, quantity unspecified).  Count Two, on the other hand, provided a sentence range of five years

and a maximum of forty years imprisonment followed by at least four years of supervised release.

21 U.S.C. § 841(b)(1)(B) (possession with intent to distribute more than 100 grams of PCP).

The plea agreement, plea colloquy, and sentencing colloquy incorrectly informed Barnett

that the maximum sentence for Count Two was identical to Count One and that, therefore, he was

facing a maximum sentence of not more than five years' imprisonment (as opposed to up to forty years) and a maximum term of supervised release of not more than three years (as opposed to a minimum term of four years supervised release).

Because a sentence in excess of the statutory maximum violates Barnett's rights under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Court accordingly vacates Barnett's conviction and concurrent sentence under Count Two.  To reflect the information Barnett received in his plea agreement, plea colloquy, and sentencing colloquy, the Court will amend the term of supervised release imposed under Count One from four years to three years.

## III.

For the foregoing reasons, the Court will grant in part and deny in part Petitioner Kevin Barnett's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.  [Paper No. 30].

Date: April 2, 2009                                 _____/s/_____
                                                    Roger W. Titus
                                                    United States District Judge